## Richmond

## JOHN WESLEY POLLARD

### v.

## COMMONWEALTH OF VIRGINIA

January 11, 1980.

Record No. 790629.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Andrew W. Wood (White & Wood, P.C.,* on brief), for appellant.
*Jim L. Chin, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

Indicted for larceny of an air hammer, defendant John Wesley Pollard was convicted in a bench trial of receiving stolen property. The sole issue we decide is whether the Commonwealth proved that the offense was committed within the territorial jurisdiction of the court below.

The evidence showed that on May 19, 1978, defendant was under surveillance by several Virginia State Police officers in connection with an investigation into the suspected theft of air hammers, or paving breakers, belonging to the City of Richmond. The investigators watched defendant, then employed by the City's Department of Public Works as a Landfill Supervisor, leave his home in Henrico County driving a pickup truck and proceed to an equipment rental store in Charlottesville. After defendant had "backed [the vehicle] up to the door at the rental place," Investigator L. W. Burchett observed "light tools, air hammers, chains, water coolers and this type of thing laying on the back of the truck." Burchett then interviewed defendant who denied he was carrying stolen property.

In the course of the initial interview, defendant denied having previously sold similar items to the particular rental store. Later, when confronted with information obtained by the police from the store manager, defendant admitted selling similar equipment there on prior occasions. Defendant told Burchett that he had acquired some of the items by picking them "up off the [City of Richmond] dump" and by purchasing other items from drivers of City trash trucks. Testimony showed that defendant had stated in the past to the store manager that the air hammers he was selling "came from. . . bankruptcy sale[s] and going out of business sales."

On that day, May 19, Burchett seized numerous items from the store, which the manager identified as articles sold him by defendant. The officer also seized the items in defendant's truck. The air hammer specified in the instant August 1978 indictment was among the former group.

Other evidence offered by the Commonwealth—defendant presented none—showed that the air hammer in issue had been assigned, on some date not fixed by the evidence, to a City truck driven by one W. R. Baldwin. The City employee generally "responsible for" the custody of such equipment testified that the hammer had never been assigned to defendant. Baldwin did not testify. The custodian stated that he discovered during the period between December of 1977 and January of 1978 that the air hammer was not on Baldwin's truck. The custodian testified he looked "everywhere," but the piece of equipment could not be found. He further stated he had not seen the hammer since at least April of 1977.

Defendant contends the Commonwealth failed to prove the offense occurred within the jurisdiction of the Circuit Court of the City of Richmond, Division I, citing Code § 17-116.1(b). The Attorney General, admitting that "the record is sparse" on proof of venue, says "it is arguable that the defendant did receive the stolen property within the City limits." Stating that this court has never specifically ruled on the issue of where the crime of receiving stolen property occurs, the Commonwealth asserts the general rule elsewhere is that venue for such crime is where the property was received. The Attorney General points to the evidence that the property belonged to the City of Richmond, the item was assigned to a City truck, the defendant was an employee of the City, and the defendant admitted obtaining the property from the City dump. That evidence, the Commonwealth contends, is a "predicate" from which "it may be inferred that the stolen property was received in Richmond," carried to defendant's home in adjacent Henrico County, and transported to Charlottesville. We disagree.

■ Generally the prosecution of a criminal case shall be had in the county or city in which the offense was committed. Code § 19.2-244. And the burden is upon the Commonwealth to prove venue by evidence which is either direct or circumstantial. *Keesee* v. *Commonwealth,* 216 Va. 174, 175, 217 S.E.2d 808, 809 (1975). Such evidence must furnish the foundation for a "strong presumption" that the offense was committed within the jurisdiction of the court. 216 Va. at 175, 217 S.E.2d at 810.

■ In the present case, we will agree with the Attorney General and assume without deciding that in Virginia the crime of receiving stolen property is committed where the stolen item is received. *But see Jolly* v. *Commonwealth,* 136 Va. 756, 766-68, 118 S.E. 109, 113 (1923), which focused on the place of possession of stolen goods when venue was in issue. We will even assume that the facts presented at trial proved that the item in question had been in fact stolen. Neverthe-

less, the record is utterly insufficient to prove that defendant received, or even possessed, the air hammer within the bounds of the trial court's jurisdiction.

It will be remembered that the subject of the indictment was not among the items found on defendant's truck on May 19, but had been earlier sold by defendant to the manager of the rental store and was a part of the store inventory. Thus the evidence only shows that defendant possessed the property in Charlottesville. Such meager proof does not support a conclusion that defendant received the property within the territorial jurisdiction of the Richmond trial court. The evidence relied on by the Attorney General is wholly inadequate. It only shows that a City employee possessed outside the City stolen City property which originally had been assigned to a City vehicle.

Consequently, we hold that the trial court erred in deciding that the Commonwealth proved venue. But we will not dismiss the indictment. The foregoing error did not stem from evidentiary insufficiency with respect to the guilt or innocence of the defendant. *See Burks* v. *United States*, 437 U.S. 1, 15 (1978). Accordingly, the case will be remanded for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*