COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


PATRICK RAYMOND LONG

                                          MEMORANDUM OPINION[*] BY
v.          Record No. 2031-95-4          JUDGE RICHARD S. BRAY
                                             MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       William L. Winston, Judge

          Mark S. Thrash for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Patrick Raymond Long (defendant) was convicted in a bench

trial of embezzlement and forgery.  On appeal, he contends that

the evidence was insufficient to establish the requisite venue in

the trial court for the forgery offense.  We agree and reverse

the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. See id.

Forgery is "the fraudulent making of a false writing, which, if genuine, would be apparently of legal efficacy." Muhammad v. Commonwealth, 13 Va. App. 194, 196, 409 S.E.2d 818, 819 (1991) (quoting Terry v. Commonwealth, 87 Va. 672, 674, 13 S.E. 104, 105 (1891)). A forgery prosecution may take place "in any county or city where the writing was forged, or where the same was used or passed, or attempted to be used or passed, or deposited or placed with another person, firm, association, or corporation either for collection or credit . . . ." Code § 19.2-245.1; see Code § 19.2-244. "[T]he burden is upon the Commonwealth to prove venue by evidence which is either direct or circumstantial. Such evidence must furnish the foundation for a 'strong presumption' that the offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (citation omitted).

Here, the evidence established that defendant first obtained the subject check, then blank, at Fred's Place, located in Arlington County. He subsequently forged and "passed" the instrument to his sister, Mary Jacobs, who negotiated it in Alexandria. The evidence further proved that Jacobs frequented Fred's Place, occasionally cashing checks at the business. However, the record abandons to conjecture the actual situs of

the forgery.  See Pollard, 220 Va. at 726, 261 S.E.2d at 330 (evidence "wholly inadequate" to provide strong presumption of venue when established only "that a City employee possessed outside the City stolen City property which originally had been assigned to a City vehicle").

Accordingly, we conclude that the trial court erroneously concluded that the Commonwealth had established the requisite venue in Arlington County and reverse the conviction.  However, because the "error did not stem from evidentiary insufficiency with respect to [defendant's] guilt or innocence," we do not dismiss the indictment, but remand for further proceedings consistent with this opinion, if the Commonwealth be so advised. Id. (citing Burks v. United States, 437 U.S. 1, 15 (1978)).

Reversed and remanded.