COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Senior Judge Baker
Argued at Norfolk, Virginia


DANA MICHELE COPELAND, s/k/a
 DANA MICHELLE COPELAND

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1851-98-2            JUDGE RICHARD S. BRAY
                                           JUNE 29, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   Buford M. Parsons, Judge

        Robert P. Geary for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General; Donald E.
        Jeffrey, III, on brief), for appellee.


     Dana Michele Copeland (defendant) was convicted in a bench

trial of forgery, a violation of Code § 18.2-172.  Defendant

complains on appeal that the Commonwealth failed to establish

that Henrico County was the proper venue for prosecution of the

offense.  We agree and reverse the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     On January 13, 1998, Henrico County Police Officer

Thomas J. O'Keefe was "dispatched . . . on [a] forgery in

---

        [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

progress" at a Ukrops market located in Henrico.  Upon arrival, O'Keefe identified defendant and a male companion from descriptions provided by radio message, and he approached the couple.  Defendant immediately "took off running," with O'Keefe in pursuit, and was apprehended approximately two blocks from the scene.  O'Keefe returned defendant to the store, and, after being advised of her "Miranda rights," she confessed to "passing what she believed to be a bad check."  O'Keefe subsequently searched defendant's pocketbook and "found another [forged] check, check 0337, which [defendant] stated . . . that she attempted to pass at the Food Lion Store but the clerk would not accept it and she took the check and left."

At trial, defendant moved to strike the evidence relating to the forgery of check 0337, arguing that the Commonwealth had failed to prove that the offense was committed in Henrico County.  The court overruled the motion and convicted defendant of the offense, resulting in this appeal.

Forgery is "'the fraudulent making of a false writing, which, if genuine, would be apparently of legal efficacy.'" Muhammad v. Commonwealth, 13 Va. App. 194, 196, 409 S.E.2d 818, 819 (1991) (citations omitted).  Prosecution for the crime may be undertaken "in any county or city where the writing was forged, or where the same was used or passed, or attempted to be used or passed, or deposited or placed with another person, firm, association, or corporation either for collection or

credit."  Code § 19.2-245.1; see Code § 19.2-244.  "To prove venue, the Commonwealth must produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (citations omitted); see Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980).

When reviewing venue on appeal, we must "determine 'whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the trial court's findings.'"  Foster-Zahid v. Commonwealth, 23 Va. App. 430, 442, 477 S.E.2d 759, 765 (1996) (citation omitted).

The instant record established only that defendant possessed a forged check in Henrico County after previously attempting to "pass" the instrument at an unspecified Food Lion. The evidence abandons to conjecture the actual situs of the forgery or location of the Food Lion.  See Pollard, 220 Va. at 726, 261 S.E.2d at 330 (evidence "that a City employee possessed outside the City stolen City property which originally had been assigned to a City vehicle" held "wholly inadequate" to prove venue).  Thus, the Commonwealth clearly failed to established the requisite venue in Henrico County.

Accordingly, we reverse the conviction.  However, because the "error did not stem from evidentiary insufficiency with

respect to [defendant's] guilt or innocence," we remand for further proceedings consistent with this opinion, if the Commonwealth be so advised.  <u>Id.</u> (citation omitted).

<u>Reversed and remanded.</u>