PRESENT: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Stephenson, S.J.

BARBARA MEEKS

v.  Record No. 062452

OPINION BY
SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
November 2, 2007

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, the defendant, Barbara Meeks, challenges her conviction for credit card theft, contending that the evidence was insufficient to prove venue in the City of Alexandria.

I

Meeks was charged in a two-count indictment in the Circuit Court of the City of Alexandria with felony credit card theft, in violation of Code § 18.2-192, and with misdemeanor credit card fraud, in violation of Code § 18.2-195. Only the conviction for credit card theft is the subject of this appeal. A jury found Meeks guilty of credit card theft, and, in accordance with the jury's verdict, the trial court sentenced her to 30 days in jail. The trial court, however, suspended the sentence.

Meeks appealed the trial court's judgment to the Court of Appeals, alleging, inter alia, that the evidence was insufficient to prove that venue was proper in the City of Alexandria. A judge of the Court of Appeals, in a per curiam

order, denied the appeal. Meeks v. Commonwealth, Record No. 2773-05-4 (May 10, 2006). Thereafter, a three-judge panel of the Court of Appeals also denied the appeal. Meeks v. Commonwealth, Record No. 2773-05-4 (Oct. 23, 2006). We awarded Meeks this appeal.

## II

Pursuant to well-established authority, we view the evidence in the light most favorable to the Commonwealth, the prevailing party at trial. On May 27, 2005, Cheryl Ghauri, a mental health supervisor with the Fairfax County Community Service Board, was working in a group home in Fairfax County when she discovered that her wallet was missing. Ghauri's wallet contained several credit cards, including a Visa card issued by SunTrust Bank. Ghauri reported her missing wallet to the Fairfax County Police Department.

Also on May 27, 2005, Meeks was visiting her son at the group home. During a portion of her visit, Meeks and her son were alone on the home's first floor where Ghauri had left her purse containing her wallet.

Later that day, Meeks registered for a room under Ghauri's name at a Holiday Inn in Alexandria, using Ghauri's Visa card as payment. She also obtained $20 in cash from the hotel, using the card. The next day, the police found Meeks in a room in the

hotel.  Ghauri had not given Meeks permission to have or use her Visa card.

At trial, a hotel desk clerk identified Meeks as the person who had used Ghauri's credit card to pay for the room.  The clerk previously had identified Meeks in a police photo spread.

III

A

Code § 18.2-192 defines credit card theft, in pertinent part, as follows:

> (1) A person is guilty of credit card or credit card number theft when:

> (a) He takes, obtains or withholds a credit card or credit card number from the person, possession, custody or control of another without the cardholder's consent or who, with knowledge that it has been so taken, obtained or withheld, receives the credit card or credit card number with intent to use it or sell it, or to transfer it to a person other than the issuer or the cardholder.

Code § 18.2-198.1 provides, in pertinent part, that "a prosecution for a violation of this article [for offenses relating to credit cards] may be had in any county or city in which (i) any act in furtherance of the crime was committed or (ii) an issuer or acquirer, or an agent of either, sustained a financial loss as a result of the offense."

Meeks contends that her conviction for credit card theft should be reversed because the Commonwealth failed to prove that venue was proper in the City of Alexandria.  She asserts that

3

any theft of the credit card occurred and was completed in Fairfax County. She further states that, because the theft was completed in Fairfax County, her conduct in Alexandria "could not, as a matter of law, have been 'in furtherance' of the crime of credit card theft." (Footnote omitted.)

The Commonwealth contends, on the other hand, that a person who retains a credit card with intent to unlawfully use or transfer it is guilty of withholding the card and, therefore, of credit card theft. The Commonwealth further asserts that, "[w]hen there is a strong presumption that such person has committed an act in furtherance of the crime in a particular city or county, prosecution of the credit card offense is proper in that jurisdiction."

B

When an issue of statutory construction is involved, the "[s]tatutory interpretation presents a pure question of law and is accordingly subject to de novo review by this Court." Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006). Therefore, this Court must "determine the General Assembly's intent from the words contained in [the] statute." Id.

In doing so, "the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Hubbard v. Henrico Ltd. Partnership, 255 Va.

4

335, 340, 497 S.E.2d 335, 338 (1998). Thus, "[a]n undefined term must be 'given its ordinary meaning, given the context in which it is used.' " Sansom v. Board of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999) (quoting Department of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980)). Furthermore, "[t]he plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction," Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998), and a statute should never be construed in a way that leads to absurd results, Washington, 272 Va. at 455, 634 S.E.2d at 313.

In deciding whether venue in a particular jurisdiction was proved, a court must determine whether the evidence, when viewed in the light most favorable to the Commonwealth, gave rise to a "'strong presumption' that the offense was committed within the jurisdiction of the court." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990) (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)). This may be accomplished by either direct or circumstantial evidence. Id.

IV

As previously noted, a prosecution for credit card theft "may be had in any county or city in which . . . any act in furtherance of the crime was committed." Code § 18.2-198.1(i).

5

In the present case, therefore, in order to establish venue in the City of Alexandria, the Commonwealth was required to produce evidence that established a "strong presumption" that an act in furtherance of credit card theft occurred in Alexandria.

In Cheatham v. Commonwealth, 215 Va. 286, 208 S.E.2d 760 (1974), we addressed the crime committed when an individual "withholds" a credit card.[*] In Cheatham, the defendant was found in possession of a credit card that had been stolen in a robbery eleven days earlier. Id. at 287, 208 S.E.2d at 761. There was no evidence that the defendant had used or attempted to use the card. Id. at 290, 208 S.E.2d at 763. We stated the following:

> So far as we can ascertain the word "withhold," as used in the context of the credit card theft statute, has never been construed. It must, however, import something more than mere retention, for mere retention could be consistent with innocent intent. The retention must be accompanied by an intent to deprive the owner of possession and to use the card, or to sell it, or to transfer it to a person other than the issuer or the cardholder. . . . But in the present case there is no evidence to show how long Cheatham had the credit card . . . or that he had any intent to use it, sell it, or transfer it.

Id.

We now conclude that Cheatham wrongly added the element of retention to credit card theft. Credit card theft and credit

---

[*] In Cheatham, we interpreted the predecessor statute, former Code § 18.1-125.3 (Supp. 1974). Code § 18.2-192 contains the additional phrase, "or credit card number," but is otherwise not materially different from former Code § 18.1-125.3.

card fraud are different offenses.  If retention of a credit card may be prosecuted as credit card theft, the distinction between the two offenses is not made.  Under the holding of Cheatham, a person could be charged with credit card theft in every jurisdiction entered while still in possession of the stolen credit card or number with the intent to use it.  We hold that credit card theft is completed where the card or number is unlawfully taken from its rightful owner or is received with knowledge that it has been taken and with the intent to use it, sell it, or transfer it.  To the extent that Cheatham is to the contrary, it is overruled.  Venue in this case was, therefore, not proper in the City of Alexandria because the credit card theft was completed in Fairfax County.  Accordingly, we will reverse the judgment of the Court of Appeals and dismiss the indictment.

Reversed and dismissed.