COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Haley and Beales
Argued at Alexandria, Virginia


MICHAEL JOSEPH HOCKENSMITH

MEMORANDUM OPINION[*] BY

v.        Record No. 2140-07-4         JUDGE RANDOLPH A. BEALES
                                       NOVEMBER 12, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

Bonnie H. Hoffman, Deputy Public Defender, for appellant.

(Robert F. McDonnell, Attorney General; Karri B. Atwood,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Michael Joseph Hockensmith (appellant) was convicted by the trial court of possession of

cocaine.  On appeal, he contends the evidence was insufficient to establish venue in Loudoun

County and that the evidence was insufficient to prove he possessed the drugs.  Finding the

evidence sufficient on both counts, we affirm his conviction.

The events in the case occurred at Dulles International Airport.  On September 23, 2006,

Officer Isabelle Smith, who was stationed at the Dulles Airport Police Department, received a call

to pick up a lost wallet at the "mobile lounge manager's office" in the airport's main terminal.  She

retrieved the wallet and returned to her office by 2:30 p.m.  Upon examining the contents of the

wallet, Officer Smith discovered a small bag containing cocaine.

Within a half hour of Officer Smith's return from the manager's office, appellant entered the

police department office, asking about his lost wallet.  He admitted that the wallet retrieved from the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

manager's office was his, and he admitted that the bag in the wallet did not simply contain

spackling dust from his construction work. He admitted the razor blades in the wallet were his.

After the officer told him that she knew the nature of the substance in the bag and she showed him

"the NIK test," appellant also conceded that the contents of the bag were his.[1]

At trial, appellant presented a map showing that parts of some runways and roads at the

Dulles International Airport are in Fairfax County. He argued that the wallet could have been lost in

the Fairfax County part of the airport and, therefore, the Commonwealth had not proven venue was

proper in Loudoun County. He also argued that, as no evidence proved where he lost the wallet,

and part of the airport was in Fairfax County, the Commonwealth had not proved that he possessed

the wallet in Loudoun County.[2]

Venue in the Commonwealth of Virginia is defined in Code § 19.2-244, which requires

that the prosecution of a crime occur in the jurisdiction where the crime occurred. The burden at

trial is on the Commonwealth to "furnish the foundation for a 'strong presumption' that the

offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va.

723, 725, 261 S.E.2d 328, 330 (1980). On appeal, this Court "must determine, therefore,

whether the evidence, when viewed in the light most favorable to the Commonwealth, is

sufficient to support the [court]'s venue findings." Cheng v. Commonwealth, 240 Va. 26, 36,

393 S.E.2d 599, 604 (1990). This standard of appellate review for venue questions is similar to

---

[1] Appellant made additional inculpatory statements after Officer Smith escorted him into a back room of the police department office. The trial court suppressed those statements, based on the officer's failure to inform appellant of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Therefore, we do not consider these additional inculpatory statements in our analysis of this case.

[2] The trial court found appellant possessed the cocaine at the police department office, although Officer Smith never allowed appellant to exert any control over the cocaine. Given our resolution of this case, we need not reach the issue of whether appellant ever possessed the cocaine while in the police office.

the standard for appellate review of sufficiency of the evidence questions.  However, in reviewing sufficiency questions, this Court must acknowledge the Commonwealth's higher burden of proof at the trial level – to prove a defendant guilty beyond a reasonable doubt.

> [W]hen the question of the sufficiency of the evidence is raised on appellate review, we must determine whether a reasonable fact finder could have found from the evidence before it that guilt had been proved beyond a reasonable doubt.  Furthermore, when reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, granting all reasonable inferences fairly deducible from the evidence.

Crump v. Commonwealth, 20 Va. App. 609, 617, 460 S.E.2d 238, 241-42 (1995).  We find, using the relevant standards, that the evidence was sufficient to prove both venue and appellant's possession of the cocaine.

The entire property of the airport known as Dulles International Airport does straddle the boundary line between Loudoun and Fairfax Counties.  However, the map that appellant introduced into evidence clearly shows that all portions of the airport in which a person would lose a wallet are in Loudoun County – the main terminal or concourse, the satellite terminals, and the parking areas.  The only portions of the airport that are in Fairfax County are parts of a few runways, the green open areas surrounding those runways, and parts of a few access roads.[3]

We find the evidence was sufficient to establish a "strong presumption" that the crime here occurred in Loudoun County.  The venue for this trial was proper.

Additional evidence supports the sufficiency finding that appellant possessed the cocaine in Loudoun County, prior to losing his wallet.  Initially, we note the wallet was turned in to the mobile lounge manager's office "in the airport itself," i.e., the main terminal.  Officer Smith

---

[3] In addition, most, if not all, of the portion of Dulles International Airport in Fairfax County is within a mile of the Loudoun County boundary line.  Under Code § 16.1-123.1(2)(b), courts have jurisdiction to handle matters occurring within a mile of their counties' boundary lines.  See also Code §§ 17.1-513 and 19.2-250(A).  Therefore, if appellant had possessed the wallet that contained the cocaine in the Fairfax County portion of the airport, venue would still lie in Loudoun County.

retrieved the wallet from the manager's office and returned to the police station, which was outside the main terminal, but also in Loudoun County, and not within walking distance of other parts of the airport. In less than half an hour of her return, appellant appeared at the police station to claim the wallet. In order to discover that he had lost his wallet, find out where it was lost, determine that the police had the wallet, and drive to the police station, appellant must have been within the terminal areas when he lost the wallet. No other inference is supported by the evidence. See McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc) (noting that the Commonwealth need only exclude every *reasonable* hypothesis of innocence). Appellant certainly was not on those portions of the airport in Fairfax County because, if he had lost the wallet on the runway or on the roadway, appellant would still have been searching those large, wide-open areas for the wallet, rather than appearing before Officer Smith within half an hour of her return to the police department, after receiving the wallet from the mobile lounge manager's office in the main terminal of the airport. Viewing the evidence in the light most favorable to the Commonwealth, as we must do on appeal as the Commonwealth prevailed below, we cannot find the trial court erred in convicting appellant of possession of the cocaine found in his wallet.

As the evidence supports the trial court's determinations that venue lay in Loudoun County and that appellant possessed the cocaine, we affirm his conviction.

Affirmed.