COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Elder and Alston
Argued at Richmond, Virginia


CARMEN MARIE DUCKWORTH

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0324-10-2                      JUDGE LARRY G. ELDER
                                                    FEBRUARY 22, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                        William L. Wellons, Judge Designate

        Mark Mokris (Mokris & Dunning, P.L.C., on brief), for appellant.

        Donald E. Jeffrey, III, Senior Assistant Attorney General
        (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Carmen Marie Duckworth (appellant) was convicted in a bench trial of one count of forgery

in violation of Code § 18.2-172. On appeal, appellant argues the Commonwealth failed to establish

that Mecklenburg County was the proper venue for prosecution of the offense. Because the

circumstantial evidence establishes a strong presumption that appellant committed the forgery in

Mecklenburg County, we affirm appellant's conviction.

                                            I.

                                       BACKGROUND

        On July 12, 2004, Sam Icenhour, through his attorney, Katherine Keel, mailed an unsigned

note to appellant and her daughter-in-law, Amy Duckworth.[1] The note was sent to 3671 Country

Club Drive in Chase City, Virginia. The enclosed letter stated Icenhour had loaned appellant

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At all relevant time periods, Keel's law office was located on 233 N. Main Street in
Chase City.

$30,500 and requested that appellant and Duckworth sign the note to insure repayment. The note provided that the amount owed was "payable, without offset, to Sam Icenhour at P.O. Box 783, Chase City, Virginia." Appellant signed the note and forged Duckworth's name as a co-signer.

When the note matured, Icenhour filed suit in Mecklenburg County, naming both Duckworth and appellant as defendants. Upon Icenhour's motion for entry of default judgment, the trial court found both women were properly served with the summons and complaint, yet "had not filed any responsive pleadings as of [the] date of the hearing on April 16, 2007." The trial court accordingly entered default judgments against Duckworth and appellant, ordering them to pay the amount due on the note plus interest. The order "confirmed that [Duckworth and appellant] both lived at 1671 Mount Pleasant Road, Chase City, Virginia."

Duckworth testified that she did not sign the note to Icenhour. At the time appellant forged the signature on the note in 2004, Duckworth was living at the 1671 Mount Pleasant address, and appellant lived at 3671 Country Club Drive, the address to which Icenhour had sent the note. Sergeant Mark Claiborne testified that the following addresses were located in Mecklenburg County: 1) Post Office Box 783, Icenhour's address listed on the note; 2) appellant's residence on 3671 Country Club Drive; 3) Duckworth's address on 1671 Mount Pleasant Road; and 4) Keel's office on 233 North Main Street.

At appellant's bench trial on November 5, 2009, the trial court concluded the Commonwealth had presented sufficient evidence to establish "jurisdiction of venue . . . as to the appropriate place to have [the forgery] tried." In rejecting appellant's venue argument, the trial court relied on the evidence establishing appellant resided at the Country Club Drive address in Mecklenburg County in 2004. The trial court also noted Icenhour obtained the civil judgment against appellant and Duckworth in Mecklenburg County Circuit Court. The trial court further

found the evidence showed beyond a reasonable doubt that appellant feloniously forged a writing, with the intent to defraud, in Duckworth's name in violation of Code § 18.2-172.

This appeal followed.

## II.

## ANALYSIS

Appellant's sole argument on appeal is that the Commonwealth failed to establish that Mecklenburg County was the proper venue for prosecution of the forgery. She contends the evidence does not support the trial court's finding that she used or passed the note or fraudulently signed Duckworth's signature within Mecklenburg County because the note was not notarized and lacked any indication of where it was signed. Appellant posits it was possible she signed the note in another jurisdiction or that Keel received it outside Mecklenburg County.

When addressing a defendant's challenge to venue, we must determine "whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings." Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990). The Commonwealth may prove venue by either direct or circumstantial evidence. Green v. Commonwealth, 32 Va. App. 438, 447, 528 S.E.2d 187, 192 (2000). The Commonwealth "need not 'prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of the crime.'" Morris v. Commonwealth, 51 Va. App. 459, 469, 658 S.E.2d 708, 713 (2008) (quoting United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987)). Rather, the evidence need only establish a "'strong presumption' that the offense was committed within the jurisdiction of the court." Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980) (quoting Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975)); see Thomas v. Commonwealth, 38 Va. App. 319, 323, 563 S.E.2d 406, 408 (2002). Code § 19.2-245.1 establishes venue for the prosecution of forgery and provides in part

- 3 -

[t]hat forgery may be prosecuted in any county or city (i) where the writing was forged, or where the same was used or passed, or attempted to be used or passed, or deposited or placed with another person, firm, association, or corporation either for collection or credit for the account of any person, firm, association, or corporation or (ii) where the writing is found in the possession of the defendant.

Here, the evidence establishes a strong presumption that appellant "deposited or placed [the forged instrument] with another person [or] firm" in Mecklenburg County. Code § 19.2-245.1. Keel sent the unsigned note to appellant's residence in Mecklenburg County. Appellant fraudulently signed the note in Duckworth's name. Although the record is silent as to who received the note, the only logical inference flowing from this evidence is that appellant passed the instrument back to either Icenhour, who resided in Mecklenburg, or Keel, whose principal place of business was also in Mecklenburg. See Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) ("[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."). Indeed, Icenhour presumably had the note in his possession because he used it to establish the basis for his civil lawsuit in 2006.[2] Moreover, the record in this case does not suggest the involvement of an alternate jurisdiction from which appellant could reasonably have perpetrated the forgery. Compare Meeks v. Commonwealth, 274 Va. 798, 803-04, 651 S.E.2d 637, 640 (2007) (concluding the actual crime of credit card theft was completed in Fairfax where the victim discovered that her wallet and credit cards were missing, even though the defendant used the stolen card in Alexandria where the trial was held), and Pollard, 220 Va. at 724, 261 S.E.2d at 329 (observing that the police surveillance of the

---

[2] Although Keel did not represent Icenhour in the civil lawsuit and the record is silent as to the second attorney's principal place of business, the record does not suggest that this attorney was involved in acquiring the note or had any reason to receive it on Icenhour's behalf upon appellant's signing the document.

defendant's activities originated in the City of Richmond where the trial was held, but "the evidence only show[ed] that [the] defendant possessed the [stolen] property in Charlottesville").

Appellant's attempt to undermine the trial court's reliance on the civil judgment from the Mecklenburg County Circuit Court is unavailing. Appellant is correct in that neither she nor Duckworth acquiesced in that court's territorial jurisdiction in Icenhour's civil lawsuit. Further, the standard for determining proper venue in a civil suit is different from the standard for determining venue in a related criminal proceeding. Compare Code § 8.01-262 (establishing venue for civil actions in the locality where the defendant "resides or has his principal place of employment" absent certain exceptions), with Code § 19.2-244 ("Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."). However, appellant has pointed to no authority, and we have found none, that prohibits a subsequent trial court from looking to that civil judgment *in addition* to other evidence in the record to establish venue in a related criminal case. The evidence need only establish a "'strong presumption'" of venue. Pollard, 220 Va. at 725, 261 S.E.2d at 330 (quoting Keesee, 216 Va. at 175, 217 S.E.2d at 810). The fact that Icenhour filed the civil lawsuit in Mecklenburg, while not dispositive, is competent circumstantial evidence to establish venue when taken together with the totality of the evidence in the record.

III.

CONCLUSION

The evidence in the record establishes a strong presumption that the forgery occurred in Mecklenburg County. Accordingly, we affirm appellant's conviction.

Affirmed.