**Salem**

KENNETH WAYNE GREGORY

v.

COMMONWEALTH OF VIRGINIA

No. 0048-86

Decided October 6, 1987

COUNSEL

Jonathan M. Apgar (Willis, Damico and Apgar, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.** — On October 22, 1985, Kenneth Wayne Gregory was convicted in a bench trial and sentenced to four years in the penitentiary for unlawfully and feloniously removing from the state property upon which there was a lien and disposing of it without the written consent of the lienor in violation of Code § 18.2-115. In this appeal the sole issue is whether the trial court lacked jurisdiction to try Gregory in Botetourt County under the facts of this case. Specifically, Gregory contends that the criminal acts, if any, did not occur in Virginia. We find that the trial court did have jurisdiction and affirm Gregory's conviction.

The essential facts are not in dispute. Gregory, a resident of Botetourt County, was an owner/operator truck driver who routinely traveled outside the Commonwealth in the course of his business. In May, 1982 he obtained a loan from the Bank of Buchanan in Botetourt County and signed a note and security agreement there which pledged his tractor and trailer as collateral. The agreement provided that the secured property was not to

be taken out of the county and was not to be sold without the consent of the bank. Because of the nature of Gregory's business, however, it is conceded that the bank did not expect and did not request notification when on routine trips Gregory removed this property out-of-state.

Between February and July, 1984, the loan became delinquent and the bank sent letters to Gregory requesting that the loan be "brought up to date." No replies were received. During this time period, while on a routine trip to Texas, mechanical difficulties with the tractor caused the termination of Gregory's current employment contract. While returning to Virginia in June 1984, Gregory alleges that the trailer was stolen in Louisiana. Shortly thereafter he admittedly sold the tractor without the consent of the bank and used the proceeds for living expenses. Gregory remained in Louisiana for several months. He did not contact the bank until after his arrest and release on bond for this offense.

The indictment returned by the grand jury charged that:

On or about the 30th day of March, 1984 in the County of Botetourt, Virginia, Kenneth W. Gregory, being in possession of a 1975 Mack tractor and 1978 Fontaine trailer on which he had given liens to the Bank of Buchanan, did unlawfully and feloniously did (sic) fraudulently remove said property from the state and dispose of it without the written consent of said lienor. Virginia Code Section 18.2-115.

At the time of his offense Code § 18.2-115[1] provided in pertinent part:

Whenever any person is in possession of any personal property, including motor vehicles, . . . on which he has given a lien, and such person so in possession shall fraudulently sell, pledge, pawn . . . or otherwise dispose of the property or fraudulently remove the same from the State, without the written consent . . . of the lienor . . . he shall be deemed guilty of the larceny thereof.

---

[1] Code § 18.2-115 was amended effective December 23, 1986, to include farm products within the personal property contemplated by the statute. This amendment did not alter the pertinent provision for the purposes of this opinion.

Code § 18.2-115 further provides that: "[t]he venue of prosecutions against persons fraudulently removing any such property, including motor vehicles, from the State shall be the county or city in which such property or motor vehicle was purchased or in which the accused last had a legal residence."

The trial court specifically found that Gregory formed the intent to convert the secured property only after he had removed it from Virginia. It also found that there had been a fraudulent sale of the tractor outside of Virginia. The record clearly supports those conclusions.

Gregory argues that, because of the wording of the indictment, the Commonwealth specifically elected to charge him with the fraudulent removal of the secured property rather than its fraudulent disposal. He argues that the Commonwealth was required to prove that fraudulent intent existed at the time of the removal of the secured property from this State. Accordingly, since the evidence establishes that his intent to convert the secured property to his own use was formed outside of Virginia and such is not contemplated by the statute, Gregory argues that the Botetourt County Circuit Court lacked jurisdiction and therefore his conviction is a nullity and should be vacated. We disagree.

While perhaps not artfully drawn, the indictment charged Gregory with the fraudulent removal and the disposal of the secured property without the consent of the lienor. Our reading of Code § 18.2-115 convices us that Gregory has construed its language too narrowly. The phrase "without the consent of the . . . lienor . . ." modifies the phrase "fraudulently remove the same from the state" as well as the phrase "sell, pledge, pawn . . . or otherwise dispose of the property." Accordingly, while appearing in the indictment in the reverse order from the statute, the indictment nevertheless charged Gregory with disposing of the secured property without the consent of the lienor as well as the fraudulent removal of it from this State.

■ Our Supreme Court in interpreting this statute (formerly Code § 18.1-116) has held that "the fraud contemplated . . . is an act by a debtor intended to deprive a secured creditor of his collateral by appropriating it to the debtor's own use" and "is to be distinguished from the definition of fraud . . . in civil cases" which "requires a misrepresentation of fact intended to induce another

to part with something of value." *Bain v. Commonwealth*, 215 Va. 89, 93, 205 S.E.2d 641, 644 (1974). In *Bain*, a motor vehicle was sold without the consent of the secured creditor and even though its security interest was not recorded and therefore unperfected as to third parties, the Court held that this act constituted a fraudulent sale and a violation of the statute. Furthermore, the Court stated: "Bain could have been found guilty of larceny even though the jury believed that he did not form the intent to convert the vehicle to his own use until after he had obtained his loan." *Id*. at 93, 205 S.E.2d at 644.

■ Similarly, we find nothing in the language of the statute that requires proof that the fraudulent intent to dispose or the actual disposal of the secured property occurred within the boundaries of Virginia. We need not decide whether the required fraudulent intent to remove the secured property must be formed prior to the actual removal of the property from this State. Rather, we hold under the reasoning of *Bain* that where, as here, the secured property is disposed of without the consent of the lienor by the debtor appropriating it to his own use, a fraudulent disposal has occurred within the meaning of the statute, regardless whether the fraudulent intent is formed within or outside the boundaries of Virginia. Under the facts of this case, when Gregory sold the secured tractor in Louisiana without the consent of the bank and thereby intentionally deprived the bank of its collateral, his acts constituted a fraudulent disposal within the meaning of Code § 18.2-115.

Finally we address Gregory's contention that jurisdiction was not proper in Botetourt County because all of the acts contemplated by the statute did not occur within this State. Such, however is not required. Code § 18.2-115 essentially prohibits the disposal of property upon which the accused has given a lien so as to deprive the secured creditor of its collateral when such disposal is without the consent of the secured creditor. In this case, the lien was created and the failure to obtain the bank's consent to the disposal of its collateral both occurred in Botetourt County. Only the formation of the intent to deprive the bank of its collateral and the actual disposal of the tractor occurred outside of this State. The Commonwealth maintains that the harm which § 18.2-115 is intended to prevent is the economic injury caused to the secured party by Gregory's actions and the infringement of

the lien created in Virginia. We agree.

■ In *Travelers Health Assoc. v. Commonwealth*, 188 Va. 877, 892, 51 S.E.2d 263, 269 (1949) (quoting *United States v. Steinberg*, 62 F.2d 77, 78 (2d Cir. 1932), *cert. denied*, 289 U.S. 729 (1933)), our Supreme Court stated:

> It has long been a commonplace of criminal liability that a person may be charged in the place where the evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit.

Where harm is caused in Virginia by criminal acts partially committed within this Commonwealth, such acts can be prosecuted here.

Code § 18.2-115 provides that "the venue of prosecutions against persons fraudulently removing any such property, including motor vehicles, from the state shall be the county or city in which such property or motor vehicle was purchased or in which the accused last had a legal residence." Gregory's last legal residence was in Botetourt County. Accordingly, venue was proper there.

For these reasons, the judgment appealed from is affirmed.

*Affirmed.*

Benton, J., and Coleman, J., concurred.