KENNETH WAYNE GREGORY

V.

COMMONWEALTH OF VIRGINIA

Record No. 871230

March 3, 1989

Present: All the Justices

*Jonathan M. Apgar (Willis, Damico & Apgar*, on brief), for appellant.
*Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

Kenneth Wayne Gregory was convicted in the Circuit Court of Botetourt County of fraudulently disposing of property outside Virginia, upon which there was a lien given in Virginia, without the consent of the lienor, in violation of Code § 18.2-115. The Court of Appeals affirmed by a published opinion, *Gregory* v. *Commonwealth*, 5 Va. App. 89, 360 S.E.2d 858 (1987). The undisputed facts of the case are set forth in that opinion.

Notwithstanding the requirements of our Rule 5:17(c), Gregory's petition for appeal to this Court contains no assignments of error. Instead, his petition makes the following statement:

### QUESTION PRESENTED

I. WHETHER THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE OFFENSE CHARGE[D] UNDER VIRGINIA CODE, SECTION 18.2-115, AND THE COURT OF APPEALS ERRED IN UPHOLDING THE CONVICTION.

■ No other questions are presented by the petition. Having fully considered the question presented, we agree with the reasoning of the Court of Appeals. "It has long been a commonplace of criminal liability that a person may be charged in the place where evil results, though he is beyond the jurisdiction when he starts the train of events of which the evil is the fruit." *Gregory*, 5 Va. App. at 94, 360 S.E.2d at 861 (quoting *Travelers Health Assoc.* v. *Commonwealth*, 188 Va. 877, 892, 51 S.E.2d 263, 269 (1949)). Accordingly, we will affirm the decision of the Court of Appeals.

*Affirmed.*

COMPTON, J., dissenting.

Defendant, a resident of Buchanan in Botetourt County, was a professional long-haul truck driver. He owned a tractor-trailer unit which he used in pursuing his livelihood. In May 1982, defendant refinanced the unit and executed a note and security agreement for $18,000 with the Bank of Buchanan, pledging the tractor and trailer as collateral.

The note and security agreement provided that the collateral would not be sold or removed from the County without consent of

the Bank. A representative of the Bank testified, however, that notice was not expected every time defendant made an out-of-state "run," only if defendant "kept the vehicle and the truck out of the state on a permanent basis."

During early March 1984, defendant left Buchanan intending to make a series of routine long-distance trips and to return to Virginia. After travelling to Michigan, Florida, and North Carolina, defendant went to Texas where, in April 1984, he experienced mechanical problems with the tractor in Beaumont. The delay incident to this problem caused termination of defendant's employment contract.

In June 1984, as defendant was returning to Virginia, his trailer was stolen from a truck stop in Louisiana. Without funds, defendant began selling parts from the tractor, using the proceeds to support himself. Ultimately, he sold the tractor in Louisiana for $1,400.

In October 1985, defendant was indicted under Code § 18.2-115. As pertinent, that statute provided at the time of this offense as follows:

"Whenever any person is in possession of any personal property, including motor vehicles . . . on which he has given a lien, and such person so in possession shall fraudulently sell, pledge, pawn or remove such property from the premises where it has been agreed that it shall remain, and refuse to disclose the location thereof, or otherwise dispose of the property or fraudulently remove the same from the State, without the written consent of the . . . lienor . . . , he shall be deemed to be guilty of the larceny thereof."

The indictment charged that on or about March 30, 1984, in Botetourt County, defendant, being in possession of the tractor-trailer unit, on which he had given liens to the Bank of Buchanan, did "unlawfully and feloniously . . . fraudulently remove said property from the State and dispose of it without the written consent of said lienor."

Clearly, the indictment charged a fraudulent removal of the property from the Commonwealth "and" disposal of it without consent of the lienor. A plain reading of the charge demonstrates that the prosecutor elected to indict only on the removal of the collateral from Virginia and the ultimate disposal of it outside the

State. In other words, the only basis for any claim of jurisdiction under the statute was that of fraudulent removal from the State.

Penal statutes must be construed strictly against the Commonwealth and limited in application to cases falling clearly within the language of the statute. Here, strict construction of the statutory language "fraudulently remove the [property] from the State," requires proof by the Commonwealth that fraudulent intent existed at the time of removal from Virginia. And, if a crime is to be punished in Virginia, it must be committed in Virginia. *Farewell* v. *Commonwealth*, 167 Va. 475, 479, 189 S.E. 321, 323 (1937).

In the present case, the evidence utterly fails to show that defendant had a fraudulent intent to dispose of the property at the time it was removed from Virginia. Indeed, the evidence affirmatively and without contradiction demonstrates that defendant was engaged in a routine trip in the regular course of his business when he left the State en route to Texas, the type of removal authorized by the Bank, and that he intended to return the property to Virginia. Only when mechanical and financial difficulties arose out of state did defendant decide to dispose of the tractor in order to provide for his subsistence.

Accordingly, because the indictment did not charge a crime that was committed in Virginia, I would hold that the trial court lacked subject-matter jurisdiction to try defendant for the offense. Therefore, I would reverse the judgment of the Court of Appeals as well as the judgment of conviction of the trial court, and would dismiss the indictment.

STEPHENSON, J., joins in dissent.