COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


DANIEL SCOTT BESCHER
                                        MEMORANDUM OPINION[*]
v.   Record No. 1489-97-4               BY JUDGE CHARLES H. DUFF
                                           APRIL 14, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 Carleton Penn, Judge Designate

            Robert J. Hartsoe (Boyd J. Brown, II;
            Hartsoe & Brown, P.L.L.C., on brief), for
            appellant.

            Daniel J. Munroe, Assistant Attorney General
            (Richard Cullen, Attorney General, on brief),
            for appellee.


     Daniel Scott Bescher appeals from a judgment of the trial

court convicting him of embezzlement.  He asserts that the trial

court lacked jurisdiction to hear the case.  We disagree and

affirm.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     So viewed, the evidence proved that Curtis and Tim

McGlothlin were in a band with appellant.  In March 1996, the

band members decided they would practice at appellant's residence

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in Fauquier County, and the McGlothlins moved their musical equipment there. Later that month, however, appellant moved to West Virginia and, without permission, took with him the McGlothlins' musical equipment. He did not advise Curtis McGlothlin when he moved, nor did he provide a forwarding address. Curtis McGlothlin first learned that something was amiss when he called appellant's phone number and reached a recording that the phone had been disconnected. A letter that Tim McGlothlin mailed to appellant was sent back, marked "Return to Sender."

The equipment that appellant took with him included a guitar amplifier belonging to Curtis McGlothlin. After leaving Fauquier County, he made no effort to contact the McGlothlins to let them know how they could reclaim their equipment. On October 1, 1996, appellant, without authorization, used the amplifier as collateral for a loan he secured from a pawn shop located in West Virginia.

In denying appellant's motion to dismiss for lack of jurisdiction, the trial court found that

> [a]n examination of the circumstances of the removal of the personalty from Fauquier County, Virginia, shows "unauthorized and wrongful exercise of dominion and control over another's personal property, to exclusion of or inconsistent with rights of the owner." So the wrongful conversion had already occurred in Virginia before the unauthorized pawning by [appellant] occurred in West Virginia.

(Citation omitted.).

2

Code § 19.2-239 provides that "[t]he circuit courts . . . shall have exclusive original jurisdiction for the trial of all presentments, indictments and informations for offenses committed within their respective circuits."

A defendant challenged the jurisdiction of the trial court under circumstances analogous to those in the present case in Rhodes v. Commonwealth, 145 Va. 893, 134 S.E. 723 (1926). The defendant was the president of a company in Bristol, Virginia. See id. at 894, 134 S.E. at 723. He appropriated some of the company's notes, which were located in Virginia, and discounted them for cash in Bristol, Tennessee. See id. at 894-95, 134 S.E. at 723-24. The defendant contended that the Virginia court lacked jurisdiction because the crime was consummated in Tennessee. See id. at 895, 134 S.E. at 724. The Supreme Court held that there was sufficient evidence proving that the defendant intended to appropriate the notes to his own use before he reached the Tennessee border. See id. at 896, 134 S.E. at 724. Thus, the Court concluded, the trial court had jurisdiction. See id.

> "[I]f one is intrusted with property in one county, and there forms the intention of fraudulently appropriating it to his own use, and, pursuant to such intention, goes with it to another county, where he accomplishes his object by pawning it, his crime may be deemed committed in the place where he received the property and formed the criminal intent."

Id. (citation omitted).

"To establish the crime of embezzlement under Code

3

§ 18.2-111, the Commonwealth must prove that the accused wrongfully appropriated to his or her own use or benefit, <u>with the intent to deprive the owner thereof</u>, the property entrusted or delivered to the accused." <u>Zoretic v. Commonwealth</u>, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991) (emphasis added). "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." <u>Servis v. Commonwealth</u>, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Intent in fact is the purpose formed in a person's mind, which may be shown by the circumstances surrounding the offense, including the person's conduct and his statements." <u>Nobles v. Commonwealth</u>, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "The inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact." <u>Hancock v. Commonwealth</u>, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

The McGlothlins entrusted their musical equipment to appellant in Fauquier County. Shortly thereafter, and without notifying the McGlothlins, appellant moved out of state and took the equipment with him. Appellant did not advise the McGlothlins that he was taking the equipment, nor did he leave a forwarding address or phone number where he could be reached. After moving, appellant made no effort to contact the McGlothlins. He subsequently used Curtis McGlothlin's amplifier as collateral for a pawn shop loan.

The issue here is not whether appellant intended to embezzle

4

the McGlothlins' property, but when and where he formed that intent. The evidence sufficiently proved, and the trial court found, that appellant intended to convert the McGlothlins' equipment to his own use and benefit when he took it with him upon leaving Fauquier County in March 1996. The use of the amplifier as collateral in West Virginia was competent evidence of appellant's criminal intent, but did not mark the commencement of the crime. That occurred when appellant unlawfully appropriated the equipment to his own use and removed it, without authorization, from Virginia to West Virginia.

It has long been established that a sovereign has jurisdiction to prosecute an offense where only part of the crime has been committed within its boundaries. See United States v. Busic, 592 F.2d 13, 20 n.4 (2d Cir. 1978). Where a crime is committed in various jurisdictions, "any state in which an essential element of the crime is committed may take jurisdiction." 21 Am Jur. 2d Criminal Law § 345 (1981). Cf. Gregory v. Commonwealth, 5 Va. App. 89, 93, 360 S.E.2d 858, 861 (1987), aff'd, 237 Va. 354, 377 S.E.2d 405 (1989). Accordingly, we conclude that the trial court was vested with jurisdiction. The conviction appealed from is affirmed.

Affirmed.