UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Chafin, Russell and Senior Judge Clements
Argued at Salem, Virginia


JESSICA CRYSTAL BUCK

MEMORANDUM OPINION* BY
v.       Record No. 1347-18-3       JUDGE WESLEY G. RUSSELL, JR.
JULY 2, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Clyde H. Perdue, Jr., Judge

William Edward Cooley for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jessica Crystal Buck, appellant,[1] was convicted in a bench trial of possession of heroin in

violation of Code § 18.2-250.  On appeal, she argues that the trial court erred in finding that venue

was proper in Franklin County.  We disagree and affirm the judgment of the trial court.

BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the light

most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord the

Commonwealth the benefit of all inferences fairly deducible from the evidence."  McGuire v.

Commonwealth, 68 Va. App. 736, 738 (2018) (alteration in original) (quoting Riner v.

Commonwealth, 268 Va. 296, 303 (2004)).  So viewed, the evidence is as follows.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because one of the Commonwealth's witnesses was appellant's mother, Mary Robin
Buck, we refer to appellant as "appellant" throughout the opinion.  We refer to Mary Robin Buck
as appellant's "mother" or as "Ms. Buck."

Appellant and her mother, Ms. Buck, lived together in Franklin County. On April 10, 2017, Ms. Buck was driving appellant's car[2] because she had been asked to "fill it up with gasoline." When Ms. Buck arrived at the gas station, she noticed packets of what she believed was something "bad" on the passenger seat or console of her daughter's car. She described what she saw as "little . . . packages with . . . skeletons or some kind of danger, devil" symbol on them and stated that she "thought they were drugs."[3] Ms. Buck took the packets to the Sheriff's Office at Westlake in Franklin County, which happened to be across the street from the gas station.[4] Ms. Buck explained to law enforcement at the sheriff's office that she found the packets in her daughter's car.

At the sheriff's office, Ms. Buck spoke with Investigator Sandra Ingram and handed her the packets. Ingram described the packages as having "a little red writing on it and a little picture." Ingram involved Richard Pullium, a Franklin County Sheriff's Deputy, in the investigation. Pullium concluded that the packages contained heroin.[5]

Pullium went to appellant's residence, informed her the sheriff's office had come "into possession of some items found in her car[,]" and advised appellant of her <u>Miranda</u> rights. In response, appellant, after indicating that she was willing to speak with Pullium, described the packets as "being sealed in plastic with a read [sic] stamp[.]" She told Pullium that there were two

---

[2] The car was owned by appellant and her father.

[3] When Ms. Buck later testified that the substances were, in fact, drugs, appellant objected to her mother's testimony, arguing that her mother lacked a sufficient foundation to testify that "she *knew* they were drugs." (Emphasis added). The trial court sustained that objection.

[4] The transcript also refers to the sheriff's office as a police station.

[5] At trial, Stephen Houck, a drug analyst for the Virginia Department of Forensic Sciences, testified that he analyzed the substance in one of the packages and determined it was heroin.

packets in the car and that the substance inside the packets was heroin. She explained that she had purchased the heroin for a friend.

Appellant argued to the trial court that the Commonwealth failed to prove venue because no evidence established where she purchased the heroin, and therefore, no evidence proved that she, as opposed to someone else, possessed the heroin in Franklin County. The trial court disagreed, finding the evidence was sufficient to establish venue. The trial court initially granted appellant first offender status pursuant to Code § 18.2-251, which allowed the trial court to "place [appellant] on probation upon terms and conditions" "without entering a judgment of guilt[.]" However, after two probation violation hearings where it was established that appellant had violated the conditions of her probation by using illegal drugs on multiple occasions, the trial court convicted her of the original charge of possession of heroin.

This appeal follows.

## ANALYSIS

"In a criminal prosecution, it is the Commonwealth's burden to establish venue." Bonner v. Commonwealth, 62 Va. App. 206, 210 (2013) (*en banc*). Because venue is not a substantive element of a crime, the Commonwealth is not required to "prove where the crime occurred beyond a reasonable doubt[.]" Id. (quoting Morris v. Commonwealth, 51 Va. App. 459, 469 (2008)). In order to establish venue, the Commonwealth must "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court." Id. at 211 (quoting Cheng v. Commonwealth, 240 Va. 26, 36 (1990)). "[A]n appellate court's responsibility when reviewing an issue of venue is 'to determine whether the evidence, when viewed in the light most favorable to the Commonwealth, is sufficient to support the [trial court's] venue findings.'" Id. (quoting Foster-Zahid v. Commonwealth, 23 Va. App. 430, 442 (1996)).

- 3 -

In the absence of a specific statutory provision addressing venue, Virginia's general venue statute, Code § 19.2-244, "dictates the proper venue for an offense." Id. at 211-12. That statute provides, in pertinent part, "the prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244(A). The application of Code § 19.2-244 requires an examination of the elements of a crime and "a determination of where [the] specific crime was 'committed.'" Kelso v. Commonwealth, 282 Va. 134, 137 (2011). "[V]enue for a criminal prosecution will generally be proper wherever any element of the offense occurs." Bonner, 62 Va. App. at 211. Either direct or circumstantial evidence can establish venue. Cheng, 240 Va. at 36.

Venue properly may lie in multiple jurisdictions. This is especially true of a crime such as possession of illegal drugs, which constitutes a continuing offense. Hylton v. Commonwealth, 60 Va. App. 50, 58 (2012). As we have explained,

> [a] continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. *Where such an act or series of acts runs through several jurisdictions, the offense is committed and cognizable in each.*

Morris, 51 Va. App. at 467 (emphasis added) (internal quotation marks and citations omitted). Thus, a person who knowingly purchases illegal drugs properly may be tried for simple possession in the jurisdiction where he or she purchased the drugs or in any other jurisdiction in which he or she subsequently possesses the drugs.

Here, there is no dispute that appellant knowingly and intentionally possessed the heroin at issue. Her admission to Pullium that she purchased the heroin that was found in her car "for a friend" establishes that fact, and, for purposes of appeal, she concedes that fact. Rather, her argument is that, despite the heroin she admits purchasing being found in her car in Franklin

County, the evidence was insufficient to create a strong presumption that she possessed the heroin in Franklin County as opposed to wherever she purchased it.[6]

At its core, appellant's argument amounts to inviting the trial court to speculate that: (1) she purchased the heroin in a location other than Franklin County; (2) she fully disposed of the heroin in a jurisdiction other than Franklin County (presumably by giving it to the person for whom she claims to have purchased it); (3) that person did not use the heroin, but rather, placed or caused it to be placed in appellant's car in the original packaging; and (4) the heroin remained in appellant's car, unnoticed by appellant, until it was discovered in the car sitting in plain view by appellant's mother while the car was in Franklin County. The trial court did not err in refusing appellant's invitation.

The record contains little to no evidence to support several of the necessary predicates for appellant's theory. For example, the only evidence regarding the drugs being purchased "for a friend" was appellant's statement to Pullium on the day of her arrest. The trial court was not required to accept appellant's story that she had obtained the drugs "for a friend" and the associated suggestion that she may have delivered the drugs to the friend outside of Franklin County. Rather, given all of the other circumstances, the trial court reasonably could conclude that appellant was lying about buying heroin "for a friend" in an attempt to lessen her culpability and could consider the lie as affirmative evidence of her guilt. Armstead v. Commonwealth, 56 Va. App. 569, 581 (2010).

Furthermore, the record negates at least one of the inferences necessary to appellant's theory—that she was unaware that the drugs were in her car in Franklin County. On the date the drugs were found in her car in Franklin County, Pullium went to appellant's residence in

---

[6] The record does not negate the possibility that she purchased the heroin in Franklin County. Appellant argues that no evidence establishes where she purchased the heroin.

Franklin County and interviewed appellant. When told nothing more than the sheriff's office had come "into possession of some *items* found in her car[,]" it was appellant who identified the "items," accurately described the packaging, and admitted that the "items" found in her car contained heroin. (Emphasis added). This conclusively established that appellant knew the heroin she had purchased was in her car in Franklin County on the day in question.

Given that the evidence established that appellant, the heroin she admits she purchased, and her car in which the heroin was stored were all in Franklin County on the day of her arrest and that appellant knew that the heroin was in her car on that day, the evidence was more than sufficient to prove beyond a reasonable doubt that, at a minimum, appellant constructively possessed heroin in Franklin County.[7] As a result, the evidence was more than sufficient to meet the lesser standard required to establish venue in Franklin County, and the trial court did not err in so finding.

## CONCLUSION

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

---

[7] We again note that appellant does not challenge on appeal the trial court's finding that she possessed the heroin, whether actually or constructively.