PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia


SCOTT FARVER MOREHEAD

                                                    OPINION BY
v.        Record No. 2225-14-1              JUDGE WALTER S. FELTON, JR.
                                                    APRIL 19, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Michael E. McGinty, Judge

Richard G. Collins (Collins Waltrip, P.C., on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Scott Farver Morehead, appellant herein, appeals his misdemeanor conviction of

unlawful dissemination of nude images, in violation of Code § 18.2-386.2.  On appeal, appellant

contends the trial court erred by finding James City County was a proper venue to prosecute the

case.  For the following reasons, we affirm the judgment of the trial court.

Background

Appellant and his wife, A.M., were married, but separated.  Prior to July 2014,

appellant's wife shared with appellant a video and photographs of herself nude.  She did not

authorize appellant to disseminate the images.  Between July 31 and August 1, 2014, appellant

sent six email messages to his wife communicating that he posted nude photographs and a video

of her on the website "myex.com."  The subject line in the first email stated, "here is the start."

This email contained a link to the website titled "Naked pics of [A.M.] – Williamsburg –

Virginia" and the link displayed the text, "read the dirt on [A.M.] from Williamsburg, Virginia.

See the pictures [A.M.] doesn't want you to see and what people are saying about them." A.M. clicked on the link and saw nude photographs of herself. The second email contained the subject line, "Coming up." The third email's subject line was, "here is the latest" and contained the link to the website where appellant posted the pictures. The fourth email's subject line stated, "and this one" and the fifth email was titled, "just sent this to everyone I know." The final email contained the subject line, "oh this one shows your face and then your tired (profanity)." Two of the emails included screen shot images of the website posts displaying the naked photographs such that [A.M.] did not have to use the link to see them.

About the same time period, appellant posted a comment on the Facebook page of the restaurant where A.M. was employed. The post stated, "Come see the manager after you see her here" and contained the link to the myex.com website with the text, "Naked pics of [A.M.] – Williamsburg – Virginia." The manager of the restaurant read the post and wrote an apology to the customers for the offensive posting and then worked to remove the post from the Facebook page. It was evident visitors to the Facebook page saw the post based on their responses directed at appellant about his behavior.

Also during this time period, appellant sent A.M. text messages on her cell phone. The texts repeatedly stated, "You think you are going to date." A.M. responded by telling him to leave her alone. Appellant replied, "pick up the phone. Pick up the damn phone." When she did not answer his calls, appellant sent the following series of texts: "dirty (profanity) about to be shown: do you want me to just post the pictures or the videos too[?];" "ok, both;" "pics are up. You don't want to answer. Ok videos going;" "So you want a link to your (profanity) shots;" "www.myex.com;" and "I'll send it to [the restaurant manager] too."

Appellant sent all the electronic communications while he was at home, intoxicated, in Virginia Beach. A.M. received the communications and viewed the website with the nude photographs and video while in James City County.

Analysis

We review the evidence in a venue challenge "in the light most favorable to the Commonwealth . . . ." Morris v. Commonwealth, 51 Va. App. 459, 464-65, 658 S.E.2d 708, 711 (2008) (quoting Cheng v. Commonwealth, 240 Va. 26, 36, 393 S.E.2d 599, 604 (1990)). Venue need not be proven beyond a reasonable doubt. Taylor v. Commonwealth, 58 Va. App. 185, 190, 708 S.E.2d 241, 243 (2011) (citations omitted). Rather, under the general venue statute, Code § 19.2-244, the Commonwealth need only "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court, and this may be accomplished by either direct or circumstantial evidence." Cheng, 240 Va. at 36, 393 S.E.2d at 604 (quoting Pollard v. Commonwealth, 220 Va. 723, 725, 261 S.E.2d 328, 330 (1980)).

Although Code § 19.2-244 establishes the general rule for venue in criminal cases, the General Assembly may alter the requirements related to venue for individual offenses. Bonner v. Commonwealth, 62 Va. App. 206, 211, 745 S.E.2d 162, 165 (2013) (*en banc*) (noting that "for certain specific offenses, the legislature has seen fit to allow for venue in other jurisdictions in which it may not ordinarily lie"). It did so in enacting Code § 18.2-386.2, which contains a specific venue provision in subsection (B).

Code § 18.2-386.2 states in pertinent part:

> A. Any person who, with the intent to coerce, harass, or intimidate, maliciously disseminates or sells any videographic or still image created by any means whatsoever that depicts another person who is totally nude, or in a state of undress so as to expose the genitals, pubic area, buttocks, or female breast, where such person knows or has reason to know that he is not licensed or

authorized to disseminate or sell such videographic or still image is guilty of a Class 1 misdemeanor. . . .

B. Venue for a prosecution under this section may lie in the jurisdiction where the unlawful act occurs or where *any videographic or still image* created by any means whatsoever is produced, reproduced, *found, stored, received, or possessed* in violation of this section.

(Emphasis added).

Appellant argues the trial court erred in finding that James City County was a proper venue because mere internet access and receiving an email does not satisfy the venue provision of Code § 18.2-386.2(B). In support of these arguments, appellant asserts that the internet is accessible anywhere and thus accessibility to the internet being grounds for venue would render Code § 18.2-386.2(B) "surplusage." Appellant further maintains that while the statute directs that venue lies where the image is "received," that act must also be in violation of the statute. Appellant contends if one person received an email with the proscribed images, such does not constitute "dissemination."

First, we note the evidence established more than mere accessibility to the internet to prove venue. The trial court specifically "found that [A.M.] 'received' Defendant's email in James City County and that such an act explicitly provided venue in Williamsburg/James City County." Appellant does not dispute that A.M. received images he maliciously disseminated in James City County. Under the express terms of Code § 18.2-386.2(B), this established James City County as an appropriate venue.

Appellant's next argument is that emails to one person, specifically the subject of the images, do not constitute dissemination in violation of the statute because it is not a widespread communication. Appellant's narrow argument again belies the evidence produced at trial. The malicious dissemination in violation of the statute occurred when appellant posted the images on the website for others to see; thus, completing the crime. In fact, counsel conceded at oral

- 4 -

argument that appellant committed the crime of maliciously disseminating the nude images. The only question left was where to prosecute appellant for his illegal behavior. Code § 18.2-386.2(B) allows prosecution in any venue where the criminal act occurred "or" where the images were "produced, reproduced, found, stored, received, or possessed in violation of the statute." Thus, the venue provision contained in Code § 18.2-386.2(B) specifically allows for multiple, alternative, venues for prosecution.

To the extent appellant argues the very act of receiving the images must be in violation of the statute, such argument does not comport with the plain language of the statute. Appellant points to the language in Code § 18.2-386.2(B) stating that venue may lie where the image was "produced, reproduced, found, stored, *received*, or possessed *in violation of this section*." (Emphasis added). "While penal statutes must be strictly construed against the Commonwealth, '[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results.'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). Code § 18.2-386.2(A) criminalizes the dissemination of the images, not receiving them. To read Code § 18.2-386.2(B) as appellant would have us read it, would suggest that there is a criminal act in receiving the images. Although receipt of the images in James City County established it as an appropriate venue in this case, the Commonwealth, in general, need not prove the images were ever received because receiving the images is not an element of the offense proscribed by Code § 18.2-386.2(A). Code § 18.2-386.2(B) merely directs where to prosecute the offense, and it does not create additional crimes. Thus, receiving the images is not a crime; what is a violation of the statute is the crime of the unauthorized, malicious, dissemination of the images. For purposes of establishing venue based on receiving the images, the Commonwealth must show

that a person received nude images that were disseminated in violation of the code section. To find that evidence that the victim received the illegal images does not establish venue, because it is not in violation of the code section, is a strained interpretation of the statute that we decline to adopt.

Appellant maliciously disseminated the images when he posted them on the internet and he notified A.M. about his actions by sending her copies of the images and links to the website. The evidence clearly showed that A.M. received the illegally disseminated images in James City County. Therefore, the Commonwealth carried its burden of proof in demonstrating a strong presumption that James City County was an appropriate venue to try the case. Accordingly, we affirm the trial court's venue determination and appellant's conviction.

<u>Affirmed.</u>